LAURA F. BAKER *vs.* HARRY KINNECOM.

DECEMBER 3, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

454

CAPOTOSTO, J. This is an action in assumpsit for rent in which the defendant filed a plea in setoff. Following a verdict for the defendant, the plaintiff's motion for a new trial was heard and denied. The case is before us solely on plaintiff's exception to this decision.

The plaintiff and the defendant were the only witnesses. It is undisputed that the defendant and his family occupied a tenement in a house on plaintiff's farm in Warwick for a period of eighteen months. The former testified that the stipulated rent was $15 a month, while the latter testified that such rent was $18 a month. At the beginning of this tenancy the parties expressly agreed that whatever work the defendant did at plaintiff's request should be paid for by her at the rate of 50 cents an hour, the amount of any and all such earnings to be applied by her on account of the rent. It is also undisputed that the defendant paid only $10 in cash as rent during the entire period.

The parties are in disagreement as to the extent of the work that the defendant did for the plaintiff. The plaintiff, testifying from her memorandum of that work, which she personally kept and which is in evidence, stated that the hours of work noted thereon, or allowed therefor from recollection, in the absence of specific notation in a few instances, entitled the defendant to a credit of not more than $40 on his rent account. The defendant, who kept no record of the hours that he worked for the plaintiff, testified in general terms as to the nature, amount and reasonable worth of his work, claiming that what was owing him for work done plus certain small sums allegedly paid by him for material to do some of that work not only extinguished plaintiff's claim for

rent but left a substantial balance in his favor. Defendant's testimony is not supported by any corroborative evidence.

A few excerpts from the defendant's testimony in direct examination as to his charges for work will illustrate the general character of his testimony on this point. He testified that certain work on the barn "ought to be worth $15. I figure one month's rent." When asked what his charge was for occasionally taking care of two horses his answer was: "Well, I figure it about $8 a month on that." On being questioned about his charge for trimming and spraying some trees on two occasions he answered: "I figure both times that I worked on it was $24 each time." As to certain work about the porch and cellar of the house he testified as follows: "That whole job I figure it at a month and a half rent. Q. About twenty-two or four dollars? A. $40. Q. About $40?. A. Yes. Well, $38." We deem it unnecessary to quote other testimony of a similar character.

It also appears in evidence that the plaintiff brought an action of trespass and ejectment against the defendant on the ground that, at the time such action was brought, the rent for the premises in question was in arrears for a period of more than fifteen days. The defendant, who was represented by an attorney, did not contest this case but ended that litigation by stipulation of counsel that he would vacate the premises on a certain date, which he did.

In a decision from the bench the trial justice, after stating that the case presented mere questions of fact which were decided by the jury, denied plaintiff's motion for a new trial in very brief language which indicates that he apparently reached his decision not by the exercise of his independent judgment on the evidence, but rather on a personal reluctance to differ with the jury on mere questions of fact. The proper discharge of the duty imposed upon him in such a case requires him to pass his independent judgment upon the weight of the evidence and the credibility of the witnesses. *Nichols* v. *New England Tel. & Tel. Co.*, 57 R. I. 180, at 183; *Brickle* v. *Quinn*, 65 R. I. 418, at 426. In the circum-

stances, we cannot give to the decision of the trial justice the weight that it otherwise would have under our practice, and must then determine for ourselves whether the evidence strongly preponderates against the verdict.

It is clear from the transcript in this case that the defendant's evidence under his plea in setoff is inconsistent with the express agreement which he admittedly made with the plaintiff, namely, that he was to be paid for whatever work he did for the plaintiff at the rate of 50 cents an hour. Having acted under this agreement throughout the time that he was plaintiff's tenant, he cannot now change the terms of that agreement by claiming the reasonable worth of his work as a credit on the rent account. Since this variance from the terms of the agreement vitally affects the merits of the controversy, we need express no further opinion on the evidence, or on the credibility of the witnesses, as in our judgment the plaintiff is entitled to a new trial.

The plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Harlow & Boudreau,* for plaintiff.

*Carroll & Dwyer, Edward F. J. Dwyer,* for defendant.